# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WENDY RACHILLE FOLKER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DETAINING DEFENDANT<br><br><br>Case No. 2:19-CR-438 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Notice of Appeal and Objection to Detention Order. The Court conducted a hearing on January 14, 2020. For the reasons discussed below, the Court orders Defendant detained pending trial.

## I. BACKGROUND

Defendant is charged in an Indictment with possession of methamphetamine with intent to distribute. Magistrate Judge Pead conducted a detention hearing on December 3, 2019. At the conclusion of that hearing, Judge Pead ordered Defendant detained. Defendant filed her Notice of Appeal and Objection to Detention Order on January 7, 2020.

## II. DISCUSSION

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1). The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or

conclusions.[1] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[2]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[3]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."[4]

In this case, Defendant is charged with possession of methamphetamine with intent to distribute. This offense is punishable under 21 U.S.C. § 841(b)(1)(A), which carries a maximum

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under §3145(a) is de novo).

[2] *Lutz*, 207 F. Supp. 2d at 1251.

[3] 18 U.S.C. § 3142(b), (c), and (e).

[4] 18 U.S.C. § 3142(e)(3)(A).

term of more than 10 years' imprisonment. The Indictment constitutes probable cause that Defendant participated in the acts alleged.[5] Therefore, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[6]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[7] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[8]

---

[5] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[6] *Id.* at 1354–55.

[7] *Cisneros*, 328 F.3d at 616.

[8] 18 U.S.C. § 3142(g).

This case arises out of a series of controlled purchases of methamphetamine from Defendant and her boyfriend/codefendant. That led to a search of their shared bedroom. The search uncovered two pounds of methamphetamine, scales, packaging material, a substantial amount of cash, and a firearm. Post-*Miranda*, Defendant admitted that she had sold drugs to a friend, but that it was her boyfriend/codefendant who was selling the bulk of the controlled substances. A consent search of Defendant's phone revealed messages consistent with distribution activity, though she argues that her involvement was limited. This shows both that this is a controlled substance offense and that the government's evidence is strong.

Defendant has a prior conviction in this Court involving the possession of precursor chemicals and possession of methamphetamine with intent to distribute.[9] In that case, Defendant was sentenced to 210 months, which was later reduced to 168 months. She was on supervised release at the time of the instant conduct. To her credit, she was allowed to self-surrender in her prior case and was compliant with the terms of her supervision for three years. However, she currently has a pending petition in her prior case that is unrelated to the instant conduct. Those allegations concern marijuana use and possession.

Defendant is employed and had been working at the same company for three years prior to her arrest. It has been represented that, if released, Defendant would be able to reside with her mother.

Based upon all these considerations, the Court concludes that continued detention is necessary to protect the public. This is a serious offense involving controlled substances, the

---

[9] Case No. 2:03-CR-112.

government's evidence appears strong, and Defendant has a prior drug-related conviction in this Court. While her compliance with supervision is commendable, it does not overcome these other factors, especially when coupled with the presumption of detention.

III.  CONCLUSION

Based upon the above, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. Therefore, Defendant will be detained pending trial.

DATED this 15th day of January, 2020.

BY THE COURT:

Ted Stewart
United States District Judge